**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LIONHEART PROJECT LOGISTICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-2076 |
| | § | |
| BBC CHARTERING USA, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This suit arises out of a booking note for the transportation of cargo from Houston, Texas

to Misrata, Libya.  The booking note was signed by the plaintiff, Lionheart Project Logistics, Inc.,

and the defendant, BBC Chartering USA, LLC ("BBC USA"), as "Agents for and on Behalf of the

Carrier."  BBC USA asserts that it signed as agent for a disclosed principal, BBC Chartering &

Logistic GmbH & Co. KG ("BBC Germany").  The terms and conditions of the booking note

contain the following arbitration clause:

> Except as provided elsewhere herein, any dispute arising under or in
> connection with this Bill of lading shall be referred to arbitration in
> London.  The arbitration shall be conducted in accordance with the
> London Maritime Arbitrators Association (LMAA) terms.  English
> law to apply.

On May 12, 2011, Lionheart sued BBC USA in Texas state court, alleging that BBC USA

breached its contractual obligations under the booking note.  On June 3, 2011, BBC USA removed

under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards,

9 U.S.C. § 201 *et seq*.  On June 15, 2011, BBC USA moved to dismiss on two grounds.  The first

ground was that it was not a proper party to the suit, because it had signed the booking note as an

agent for a disclosed principal, which was the proper party.  The second ground was that if BBC USA was a proper party, it was entitled to dismissal based on an order compelling arbitration under 9 U.S.C. § 206.  (Docket Entry No. 3).  In response, Lionheart moved to remand to state court. Lionheart argued that this court lacks subject matter jurisdiction because this lawsuit involves purely state-law claims.  Lionheart also argued that because BBC USA is taking the position that it is not a party to the booking note containing the arbitration clause, BBC USA cannot remove or compel arbitration under that document.  (Docket Entry No. 7).  After the motions to remand and dismiss were fully briefed, Lionheart moved to amend its complaint to remove the breach of contract cause of action and instead assert misrepresentation claims under the Texas Deceptive Trade Practices Act, and common law  fraud, promissory estoppel, quantum meruit, and unjust enrichment.  (Docket Entry No. 12).

Based on the pleadings; the motion, responses, and reply; and the record, this court denies the motion to remand and grants the motion to dismiss.  The reasons are set out below.

## I.    Subject Matter Jurisdiction

In 1970, Congress enacted enabling legislation for the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–208 (the "Convention Act").  "The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."  *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).  "Because 'uniformity is best served by trying all Convention cases in federal court unless the parties unequivocally choose otherwise,' Congress granted the federal courts

2

jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books."  *Acosta v. Master Maint. and Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (internal citation and alteration omitted).  "So generous is the removal provision that . . . the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.'"  *Id.* (citation omitted).

Three Convention Act provisions govern federal court subject matter jurisdiction: 9 U.S.C. § 202, which defines arbitration agreements that "fall under" the Convention; 9 U.S.C. § 203, which grants jurisdiction to federal district courts over actions or proceedings "falling under the Convention"; and (3) 9 U.S.C. § 205, which allows defendants to remove to federal court any case whose "subject matter . . . relates to an arbitration agreement or award falling under the Convention."  Together, these provisions grant federal district courts jurisdiction if two conditions are met: (1) an arbitration agreement exists that "falls under" the Convention; and (2) the dispute "relates to" the arbitration agreement.  *Beiser v. Weyler*, 284 F.3d 665, 672 n.7 (5th Cir. 2002).  An arbitration agreement falls under the Convention if: (1) there is a written agreement to arbitrate; (2) the agreement calls for arbitration in the territory of a signatory to the Convention; (3) the agreement arises out of a legal commercial relationship; and (4) the agreement is not solely between United States citizens, or if it is, the agreement contemplates performance abroad or has a reasonable relation to a foreign state.  *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 340 (5th Cir. 2004); *see also* 9 U.S.C. § 202.  A dispute relates to an arbitration agreement "whenever [the] agreement . . . could *conceivably* affect the outcome of the plaintiff's case," *Beiser*, 284 F.3d at 669, or when the dispute

3

"has some connection, has some relation, has some reference" to the arbitration agreement, *Acosta*, 452 F.3d at 378–79.

The requirements for federal subject matter jurisdiction are met in this case.  First, the arbitration agreement clearly "falls under" the Convention.  The booking note is in writing; it calls for arbitration in England, a Convention signatory; and it arose out of a commercial contract for the transportation of cargo.  Additionally, the agreement is between a United States citizen and a foreign entity—if BBC Germany is the proper party to the note—or, if BBC USA is the proper party, has a significant foreign nexus because the note calls for delivery in Libya.  *See* 9 U.S.C. § 202 ("An agreement . . . arising out of [a commercial] relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.").  Second, the parties' dispute "relates to" the arbitration agreement.  In its sole cause of action, Lionheart alleged that BBC USA breached its obligations under the note.[1]  The note mandates arbitration in London of all disputes arising under or in connection with the note.  BBC USA asserts the arbitration clause as a ground for dismissal in favor of arbitration in London.  This assertion is not "absurd," "impossible," *Beiser*, 284 F.3d at 669, or "fanciful," *id.* at 675.  Because the arbitration agreement could conceivably affect the

---

[1]   On August 22, 2011, Lionheart moved for leave to file an amended complaint.  (Docket Entry No. 12).  The proposed amended complaint alleges that BBC USA breached its promise under the booking note to provide Lionheart with a vessel capable of providing below-deck storage and asserts six causes of action: (1) violation of the Texas Deceptive Trade Practices Act; (2) negligent misrepresentation; (3) fraud; (4) promissory estoppel; (5) quantum meruit; and (6) unjust enrichment.  The proposed amended complaint cannot defeat this court's subject matter jurisdiction because jurisdiction is determined from the pleadings on file at the time of removal.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (holding that a complaint amended after removal cannot divest a court of subject matter jurisdiction); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal.").

disposition of Lionheart's claim, the agreement "relates to" its claim. *See Beiser*, 284 F.3d at 669 ("[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense."); *Acosta*, 452 F.3d at 379 ("Stated as a rule, a clause determining the forum for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes.").

BBC USA's argument that it is not bound by the note because it signed as an agent for a disclosed principal does not defeat this court's jurisdiction. "Besides conflicting with the plainly broad meaning of 'relates to,'" an approach requiring this court to determine whether BBC USA was a party to the note when assessing its jurisdiction would "conflate[] the jurisdictional and merits inquiries into a single step." *Beiser*, 284 F.3d at 670. To determine jurisdiction under this approach, this court would have to determine whether BBC USA, "either expressly or impliedly" has "pledged [its] own responsibility in addition to that of [its] principal" so as to render itself liable under the note. *Mediacomp, Inc. v. Capital Cities Commc'n Inc.*, 698 S.W.2d 207, 211 (Tex. App.—Houston 1985, no writ). If the court decided that BBC USA "was indeed personally bound to the contract[], it would by that fact have decided not only that it had jurisdiction under § 205 but also that it should compel [Lionheart] to arbitrate." *Beiser*, 284 F.3d at 670. The Fifth Circuit has rejected this approach. *See id.* ("Conceptually, whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly. To use Justice Holmes's phrase, 'Jurisdiction is the power to decide the case either way.'"); *id.* at 671 ("The language of § 205 strongly suggests that Congress intended that district courts . . . assess their jurisdiction from the pleadings [and the notice of removal] alone."); *id.* at 671–72 ("[A]bsent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a

5

defense, the district court will have jurisdiction to decide the merits of that claim. This approach . . . allows the district court to determine its jurisdiction from the petition for removal, without taking evidence and without a merits-like inquiry.").

The broad scope of the Convention's removal provision and the policy favoring a uniform body of federal law interpreting agreements under the Convention both support the conclusion that this court has subject matter jurisdiction under the Convention Act, making the case removable to federal court.  The motion to remand is denied.

## II.      The Motion to Dismiss

BBC USA moves to dismiss on the ground that it signed the booking note as the agent of a disclosed principal and therefore is not a proper party to this breach of contract suit.  Under Texas law, an agent who signs a contract for a disclosed principal is generally not liable for the obligations imposed under that contract.  *Mediacomp*, 698 S.W.2d at 211.  But Texas law recognizes that "parties to a contract may alter this general rule so that the agent *will* be liable on the contract." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 428 (5th Cir. 2003).  "[T]he mere fact that an agency relationship exists does not preclude the imposition of personal liability on an express contract with a third party, even though the contract is primarily for the benefit of the principal."  *United States v. Gissel*, 353 F. Supp. 768, 779 (S.D. Texas, 1973), *aff'd*, 493 F.2d 27 (5th Cir.1974).  "Where upon a construction of the contract it is determined that the agent has substituted his own responsibility for that of his principal, or has pledged his own responsibility in addition to that of his principal, he will be bound accordingly.  His liability is not predicated upon his agency, but upon his contract obligations." *Vincent Murphy Chevrolet Co. v. Auto Auction, Inc*., 413 S.W.2d 474, 477 (Tex. Civ. App. 1967) (citations omitted).  "This liability

can be by express agreement, or in the absence of an express agreement, by circumstances showing that he has either expressly or impliedly assumed such liability." *Mediacomp*, 698 S.W.2d at 211.

In *Instone Travel Tech Marine & Offshore*, a corporation providing passenger-ship management services for vessel owners contracted to purchase airline tickets from the plaintiff but did not pay for the tickets. 334 F.3d at 425. The purchaser asserted that it had no liability for the ticket cost because it signed the contract in its capacity as a third party's agent. *Id.* at 426–27. The court held that under Texas law, the contract imposed liability on the purchaser to pay for the tickets purchased. That obligation was not overcome by the statement in the contract that the signing party was an agent. "[S]tatus as an agent, alone, is insufficient to override the indicia of liability that pervade the Agreement." *Instone*, 334 F.3d at 431.

In this case, the only argument BBC USA makes in support of its motion to dismiss is that it signed the booking note as "Agents for and on Behalf of the Carrier." The only evidence in the record is the booking note. Under Texas law, BBC USA's signature on the note does not establish, as a matter of law, that BBC USA cannot be held liable for breach of contract. Whether BBC USA can be held liable on the note cannot be resolved without further developing the record. The note itself is unclear: it identifies BBC USA as both the agent and the carrier, and BBC Germany is not listed on the note. On this record, the motion to dismiss based on agency status is denied.

The motion to dismiss is, however, properly granted on the basis of § 206 of the Convention, which states that "[a] court having jurisdiction under [the Convention] may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206. "If an international arbitration clause falls under the Convention Act, 'the Convention requires district courts to order arbitration.'" *Lim*, 404

7

F.3d at 903 (citation omitted); *see also Freudensprung*, 379 F.3d at 339 (stating that once a district court determines that an arbitration agreement falls under the Convention, "the Convention requires the district court to order arbitration unless it finds that the said agreement is null and void, inoperative or incapable of being performed" (alteration and internal citation omitted)).  "If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999).

As discussed above, the arbitration clause in the booking note falls under the Convention. Lionheart argues that because BBC USA is taking the position that as an agent signing for a disclosed principal, it is not a party to the arbitration agreement, BBC USA cannot compel arbitration under that agreement.  Lionheart's argument fails even if BBC USA is properly viewed as a nonparty to the note.  "Although arbitration is a matter of contract that generally binds only signatories," nonsignatories can compel arbitration: "(1) when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against a non-signatory; or (2) when the signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract."  *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 398 (5th Cir. 2006).  "[E]quity does not allow a party to 'seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.'"  *Id.* (quoting *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 528 (5th Cir. 2000)).

Because Lionheart is suing under a booking note that contains an arbitration clause, BBC USA may compel Lionheart to arbitrate even if BBC USA is not a party to that note.  Lionheart

"cannot invoke an agreement and claim the benefit of [its] status under it while attempting to escape

its consequences." *Westmoreland v. Sadoux*, 299 F.3d 462, 466 (5th Cir. 2002). "[T]he doctrine

of estoppel prevents [Lionheart] from 'having it both ways.'" *Wash. Mut. Fin. Grp,, LLC v. Bailey*,

364 F.3d 260, 268 (5th Cir. 2004) (quoting *Grigson*, 210 F.3d at 528). Lionheart is suing to hold

BBC USA liable under duties imposed by the booking note, which contains an arbitration provision,

while denying arbitration's applicability because BBC USA is—or asserts it is—not a proper party

to the suit on the note. "[T]he doctrine of equitable estoppel acts to prevent [Lionheart] from taking

such inconsistent positions." *Bailey*, 364 F.3d at 268.[2]

Because the record discloses that all conditions to compel arbitration under 9 U.S.C. § 206

are met, the parties are ordered to arbitration in the proceeding that has already been filed. The

motion to dismiss is granted on this ground.

## III.    Conclusion

The motion to remand is denied. The motion to dismiss is granted.

SIGNED on August 24, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2]  The proposed amended complaint does not affect the result because Lionheart's proposed claims fall within the scope of the arbitration clause. That clause mandates arbitration of all disputes "arising under or in connection with" the booking note. (Docket Entry No. 1, Ex. D). Because all six proposed causes of action are based on BBC USA's alleged failure to perform under the booking note by providing a vessel with below-deck storage, Lionheart's claims arise under or in connection with the booking note. *See 3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) ("[This court's] task is to look past the labels the parties attach to their claims to the underlying factual allegations and determine whether they fall within the scope of the arbitration clause."); *Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) ("[A] valid agreement to arbitrate applies unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.") (internal quotation marks and alteration omitted). The motion for leave to file an amended complaint is denied as futile.